IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Tony Cochran, | ) | |
| | ) | |
| Plaintiff, | ) | CA No. 6:06-2129-HMH |
| | ) | |
| vs. | ) | **OPINION & ORDER** |
| | ) | |
| Mayor Dennis Waldrop, in his individual and official capacity as Mayor of Simpsonville, and the City of Simpsonville, | ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court on the Defendants' motion to dismiss pursuant to Rule 4(m) of the Federal Rules of Civil Procedure. The Plaintiff's attorney, W. Gary White, III ("White"), has failed to respond to the motion. For the reasons stated below, the court grants the Defendants' motion to dismiss.

On July 26, 2006, the plaintiff filed a complaint pursuant to 42 U.S.C. § 1983, alleging violations of his First Amendment free speech rights. The Plaintiff filed a motion for an extension of time to serve the Defendants on December 15, 2006. The court granted the motion and allowed the Plaintiff until December 29, 2006, to effect service. Mayor Dennis Waldrop ("Waldrop") was served on January 2, 2007. On January 22, 2007, the Defendant moved to dismiss for insufficiency of service of process. To date, the City of Simpsonville ("City") has not been served.

Rule 4(m) of the Federal Rules of Civil Procedure states:

1

> If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).  The Plaintiff moved for an extension of time in which to serve the Defendants approximately three weeks after the 120-day deadline.  The court afforded the Plaintiff until December 29, 2006, to effect service.  However, the Plaintiff failed to serve the Defendants within this time frame.  As noted above, the Plaintiff has not responded to the Defendants' motion.  Therefore, the court finds that the Plaintiff has failed to show good cause for failing to effect service by December 29, 2006.  Furthermore, an attorney's mistake does not provide the Plaintiff with good cause.  See T&S Rentals v. United States, 164 F.R.D. 422, 425 (N.W. Va. 1996) (citing Quann v. Whitegate Edgewater, 112 F.R.D. 649 (D. Md. 1986)).

Moreover, to the extent that the court can extend the time for service without a showing of good cause, the court declines to grant an addition extension of time.  The court has already extended the time for service, allowing the Plaintiff until December 29, 2006, to serve the Defendants, and the Plaintiff failed to serve the Defendants by this deadline. Scruggs v. Spartanburg Regional Med. Ctr., No. 98-2364, 1999 WL 957698, at * 2 (4th Cir. Oct. 19, 1999) (unpublished).  Accordingly, the court dismisses Plaintiff's complaint without prejudice.[1]

---

[1] The court realizes that dismissing this complaint may cause the Plaintiff's cause of action to be barred by the statute of limitations.  However, this does not provide good cause for an extension of the time for service.  See Mendez v. Elliott, 45 F.3d 75, 78 (4th Cir.

2

Therefore, for the reasons stated above, it is

**ORDERED** that the Defendants' motion to dismiss the Plaintiff's complaint without prejudice, docket number 10, is granted.

**IT IS SO ORDERED**.

                                          s/Henry M. Herlong, Jr.
                                          United States District Judge

Greenville, South Carolina
February 23, 2007

## NOTICE OF RIGHT TO APPEAL

Plaintiff is hereby notified that he has the right to appeal this order within thirty (30) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.

---

1995).